**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4497**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DEMETRIUS TERRY MEARES,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Terrence W. Boyle,
District Judge.  (7:06-cr-00108-BO)

Submitted:  July 17, 2008          Decided:  August 14, 2008

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.  George E. B. Holding, United States Attorney, Anne M.
Hayes, Jennifer P. May-Parker, Assistant United States Attorneys,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demetrius Terry Meares pled guilty pursuant to a written plea agreement to armed bank robbery ("Count One") and brandishing a firearm during and in relation to a crime of violence ("Count Two"), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii); 2113(a), (d) (2000). Meares was sentenced to a total of 300 months' imprisonment. He challenges this sentence on appeal.

As to the armed bank robbery offense charged in Count One, the Presentence Investigation Report recommended an adjusted offense level of twenty and a criminal history category of V, thereby resulting in an advisory guideline range of 63 to 78 months' imprisonment. See U.S. Sentencing Guidelines Manual Ch. 5, Pt. A (2006) (sentencing table). As to the firearms offense charged in Count Two, Meares's advisory guideline sentence was the minimum term of imprisonment required by statute, or eighty-four months. See USSG § 2K2.4(b) (2006); see also 18 U.S.C. § 924(c)(1)(A)(ii).

Meares agreed with the contents of the presentence report, including the details surrounding a second armed bank robbery that was charged in Count Three, but dismissed pursuant to the terms of the plea agreement. The district court, however, determined that an additional two-level increase was warranted under USSG § 3A1.1 (2006) (vulnerable victim enhancement) because Meares took a woman in her fifties hostage during the second armed

- 2 -

bank robbery. Meares's counsel argued against the enhancement, stating the purpose of § 3A1.1 was to punish offenders who intentionally chose victims based on an immutable characteristic, such as race. The court disagreed with counsel's argument, and applied the enhancement. Consequently, the advisory guideline range for Count One, based on an adjusted offense level of twenty-two and a criminal history category of V, was 77 to 96 months.

Because the facts surrounding the robberies were egregious, the court determined that a sentence above the advisory guideline range was warranted. Pursuant to USSG § 5K2.21 (2006), the court calculated an upward departure range based on the facts surrounding the dismissed count, including the fact that the second armed bank robbery involved a "vulnerable victim." Since the court concluded that the departure guideline range was still "inadequate to accurately reflect the planning and consummation of these crimes," it imposed a variance sentence totaling 300 months' imprisonment, which included 180 months on Count One and a consecutive term of 120 months on Count Two.

Meares challenges the district court's application of the Sentencing Guidelines on appeal. He specifically argues that the court impermissibly double counted the conduct in the dismissed count by using it as the basis for application of a vulnerable victim enhancement during its determination of the advisory guideline range as well as for an upward departure under § 5K2.21.

The Government concedes that the district court impermissibly double counted. Additionally, the Government notes that the court's application of the vulnerable victim enhancement in calculating the advisory guideline range was likewise erroneous as it was based on conduct unrelated to the crimes for which Meares pled guilty.

When determining a sentence, the district court must calculate the appropriate advisory guideline range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2000). Gall v. United States, 128 S. Ct. 586, 596 (2007). In reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall, 128 S. Ct. at 591.

"Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that had been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). Unless expressly prohibited by the Guidelines, double counting is permitted. Id. Such is the case in § 5K2.21, which recognizes

that a court may "depart upward to reflect the actual seriousness of the offense based on conduct . . . underlying a charge dismissed as part of a plea agreement," but requires that the conduct at issue may not have "enter[ed] into the determination of the applicable guideline range."  USSG § 5K2.21.

The district court indisputably used the dismissed conduct in Count Three to both calculate the advisory guideline range and depart upward under § 5K2.21.  As this form of double counting is expressly prohibited by § 5K2.21, the court's application of the Guidelines was erroneous.  Moreover, as commendably noted by the Government, the court's application of the vulnerable victim enhancement in initially determining Meares's advisory guideline range was likewise erroneous as the conduct underlying the enhancement was unrelated to the charges for which Meares pled guilty.  Consequently, Meares's sentence, which is the result of significant procedural error, is unreasonable.  See United States v. Evans, 526 F.3d 155, 160-62, 164 (4th Cir. 2008).  We therefore vacate Meares's sentence and remand for resentencing.

On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for the determination. Id. at 160-61.  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) and then impose a sentence.  Id. at 161.  If that sentence falls outside the

- 5 -

Guidelines range, the court should articulate its reasons for the departure or variance with respect to each count. <u>Id.</u> We, of course, indicate no view as to the appropriate sentence to be imposed upon Meares, leaving that determination, in the first instance, to the district court.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>